UNITED STATES *v.* T. E. ASH AND MARKLE STEEL CO. (No. 3089)[1]

United States Court of Customs Appeals, November 19, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.

*R. C. Patterson* and *De Vries & Davis* (*Jesse P. Crawford* of counsel) for appellees.

[1] T. D. 43088.

[Oral argument October 10, 1928, by Mr. Osborn and Mr. Crawford]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The collector at the port of Houston, Tex., classified deformed, reinforced, steel bars as steel bars at 1 cent and not above 1½ cents per pound under paragraph 304 of the Tariff Act of 1922. Importers protested the classification, claiming the merchandise dutiable at one-fifth of 1 cent per pound under that portion of paragraph 312 of said act providing for "all other structural shapes of iron or steel." Paragraphs 304 and 312 are as follows:

PAR. 304. Steel ingots, cogged ingots, blooms and slabs, by whatever process made; die blocks or blanks; billets and bars, whether solid or hollow; shafting; pressed, sheared, or stamped shapes, not advanced in value or condition by any process or operation subsequent to the process of stamping; hammer molds or swaged steel; gun-barrel molds not in bars; alloys not specially provided for used as substitutes for steel in the manufacture of tools; all descriptions and shapes of dry sand, loam, or iron molded steel castings; sheets and plates and steel not specially provided for; all of the foregoing valued at not over 1 cent per pound, two-tenths of 1 cent per pound; valued above 1 cent and not above 1½ cents per pound, three-tenths of 1 cent per pound; valued above 1½ and not above 2½ cents per pound, five-tenths of 1 cent per pound; valued above 2½ and not above 3½ cents per pound, eight-tenths of 1 cent per pound; valued above 3½ and not above 5 cents per pound, 1 cent per pound; valued above 5 and not above 8 cents per pound, 1$\frac{7}{10}$ cents per pound; valued above 8 and not above 12 cents per pound, 2½ cents per pound; valued above 12 and not above 16 cents per pound, 3½ cents per pound; valued above 16 cents per pound, 20 per centum ad valorem: *Provided*, That on steel circular saw plates there shall be levied, collected, and paid an additional duty of one-fourth of 1 cent per pound.

PAR. 312. Beams, girders, joists, angles, channels, car-truck channels, tees, columns and posts, or parts or sections of columns and posts, deck and bulb beams, and building forms, together with all other structural shapes of iron or steel, not assembled, manufactured or advanced beyond hammering, rolling, or casting, one-fifth of 1 cent per pound; any of the foregoing machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting, 20 per centum ad valorem; sashes, frames, and building forms of iron or steel, 25 per centum ad valorem.

The court below sustained the claim of importers, and the Government has appealed to this court, and here it is conceded that the same issue is involved as was involved in the decision of *United States* v. *Henry L. Exstein Co., Inc.,* 16 Ct. Cust. Appls. 328, T. D. 43079, Suit No. 3086, and *United States* v. *B. R. Anderson & Co.,* 16 Ct. Cust. Appls. —, T. D. 43093, Suit No. 3088), both of which are decided concurrently herewith.

In each of the above cited cases it was held that merchandise like that in controversy here was dutiable under paragraph 312 as structural shapes of steel. The reasons for such action are fully set out

347

in the *Exstein Co.*, case, *supra*, which we regard as fully controlling in the case at bar.

Upon the authority of the decision of the court in that case, we hold that the merchandise involved herein is properly dutiable as other structural forms of steel under paragraph 312 and, therefore, the judgment of the United States Customs Court is *affirmed*.